December 16, 2020

John Bird
Office of the Assistant United States Attorney
Thomas F. Eagleton Courthouse
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102

      **RE:  U.S.A. v. Cinque Brandon**
          **Case No.: 4:20-CR-00773**

Dear Mr. Bird:

Pursuant to Federal Rules of Criminal Procedure 12 and 16, as well as the controlling case law concerning discovery and the Court's local rules, Defendant hereby requests the following pretrial disclosure of evidence and information:

1.  Any and all written or recorded statements made by Defendant.

2.  Any and all written or recorded statements made by co-defendants and co-conspirators (named and un-named).

3.  Any portion of any written record containing the substance of any oral or otherwise unrecorded statement made by the Defendant, pre or post-arrest.

4.  The substance of any oral statement made by Defendant which the prosecution intends to offer in evidence at trial.

5.  Recorded grand jury testimony of Defendant or any co-defendant relating to the offenses charged.

6.  A written summary of the testimony the government intends to use at trial under Rules 702, 703 or 705, F.R. Evid., including a description of the witnesses' opinions, the basis and reasons for them, and the witnesses' qualifications to offer such opinions.

7.  Description of and access to any books, papers, documents, photographs, tangible objects, vehicles, buildings or places which are material to the preparation of Defendant's defense or which the prosecution intends to use as evidence at trial, or were used, obtained, or belong (or belonged) to the Defendant.

8.  The results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are material to the Defendant's defense or are intended for use at trial.

9.  Disclosure to Defendant and permission to inspect and copy all information and material known to the prosecutor(s) of this case which may be favorable to Defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963) and *United States v. Agurs*, 427 U.S. 97 (1976).

10.  Disclosure to Defendant of the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or to other inducements made to prospective prosecution witnesses, as well as any and all material evidence affecting the credibility of any witness whose reliability may be determinative of Defendant's guilt or innocence, within the scope of *United States v. Giglio*, 405 U.S. 150 (1972) and *Napue v. Illinois*, 360 U.S. 264 (1959).

11.  Disclosure to Defendant as to which of his co-defendants has entered into an agreement to plead guilty, and who will be a cooperating witness in this case, the agreement that they made with the United States Attorney's office, and the substance their anticipated testimony as it concerns the Defendant.

12.  Provision to Defendant of the arrest and prior conviction records of Defendant, and any informant, cooperating individual, or witness who will testify for the United States at trial.

13.  Provision to Defendant of notice of the nature and extent of consideration offered by the government or its agents, or sought by the government or its agents, on behalf of any informant herein in return for his or her cooperation and assistance, including:

A.  The identity and existing statements of any confidential informant who may be called upon to testify in this case;

B.  Any and all representations, promises or other consideration offered by the government, its cooperating agencies, or its agents to said informants concerning alleged violations of said informants of federal, state, or local laws;

C.  The precise nature of any monetary consideration offered or promised to said informants including, but not limited to, a listing of funds paid to or on behalf of said informants by the government, its agents, or cooperating agencies;

D.  Any and all promises of assistance offered to said informants relating to the disposition of known or potential criminal charges, state or federal, or the nature and extent of incarceration or conditions thereof;

E.  Any other promises, inducement or considerations offered to said informants in exchange for their cooperation, assistance, information or testimony;

F.Any record maintained by the government showing the arrest and conviction record of the confidential informant.

14.  Disclosure to Defendant as to whether she was identified in any lineup, showup, photo spread or similar identification proceeding, and production of any pictures utilized

or resulting therefrom.

15.   Defendant requests the government advise the case agents and the law enforcement officers involved in this case to preserve their rough notes and to indicate to the defendant the existence of those rough notes.

16.   Notice, pursuant to Fed. R. Evid. 404(b), of the prosecutor's intent to introduce such evidence as is discussed in that rule, the basis supporting the introduction, and of the general nature of that evidence.

17.   To transcribe the grand jury testimony of all witnesses who will testify for the office of the United States Attorney at the trial of this cause.

18.   To deliver, if requested, to any chemist selected by the defense, who is presently registered with the Attorney General in compliance with 21 U.S.C. 822 & 823, and 21 C.F.R. 1301.22(8), a sufficient representative sample of any alleged contraband which is the subject of this indictment, to allow independent chemical analysis of such sample.

19.   To permit the Defendant his counsel and any experts selected by the defense, if requested, to inspect any vehicle, vessel, or aircraft allegedly utilized in the commission of any offenses charged. Further, to assist defense counsel in arranging such inspection at a reasonable time and place, by advising the government authority having custody of the thing to be inspected that such inspection has been ordered by the Court.

20.   To provide  Defendant, for independent expert examination, copies of all latent fingerprints or palm prints which have been identified by the government's expert(s) or other witnesses as those of Defendant.

21.   To provide Defendant, for independent expert examination, copies of all handwriting exemplars which have been identified by the government's expert(s) or other witnesses as those of Defendant.

22.   To Disclose to Defendant or production for inspection any and all things, objects, books, records or documents that were seized in this case, in order for Defendant to determine whether he has the standing to file a motion to suppress.

23.     With regard to any hearsay statement or statement defined in Rule 801(d)(2)(C), (D), or (E) which the government intends to introduce at trial as to the declarant of that statement: Disclose to the Defendant all information regarding the declarant's prior convictions and criminal records, any inconsistent statements made by the declarant, any information regarding bias or motive on behalf of the declarant, any information as to the opinion of others with regard to the declarant and the declarant's reputation.

24.     Records of any devices used to record telephone numbers dialed from a particular phone, including pen registers, traps, and tracers; and any recordings obtained or intercepted via wiretap.

25.     Copies of any still images, video, or audio or automated license plate reader scans collected, captured, or reviewed by the St. Louis Metropolitan Police

Department's Real Time Crime Center (RTCC) that monitored Defendant (and any vehicle allegedly driven or occupied by Defendant), or verification that such information was never viewed or collected.

26.     Information, reports, memoranda, correspondence, records, or footage describing or memorializing any electronic surveillance of Defendant or Defendant's vehicle, in any investigation related to their arrest in this case, or verification that such information was never viewed or collected. This request includes but is not limited to the following:

A.      Any data, including metadata, resulting from use of an IMSI catcher, cell site simulator, or similar cell phone monitoring or data-collection device by law enforcement officials.

B.      Any GPS tracking information or other digital or electronic location-related information.

C.      Any use of the RTCC by law enforcement officials.

D.      Any privately obtained video, audio, or still footage that was also used or observed by law enforcement officials. This includes, but is not limited to, footage captured by surveillance systems, cell phones, or recording devices of any kind whether operated, owned, or maintained by a private business or entity, private citizen, or non-law enforcement government entity.

E.      Any audio or visual recordings from devices inside the police vehicle, inside the police station, or any other place in which Defendant was detained. Any audio or visual recordings from police body cameras.

F.      Any recorded correspondence, including but not limited to, radio correspondence, between officers, dispatch, or the RTCC.

G.      Any recorded correspondence, including but not limited to, radio correspondence, between officers, dispatch, or the RTCC.

27.     If the discovery provided is Electronically Stored Information (ESI) such as .pdf documents, word processing documents, spreadsheets, graphs, data, or data compilations, DAD/CAM files, web sites, voice-mail, e-mail, text or instant messaging, photographs, audio, video or any content in a digital form, please provide it pursuant to the following protocols:

A.      Please label each item and identify it by case number.

B.      Please provide an inventory of and index of what is stored.

C.      Please organize ESI in the form that it is used in the usual course of business with its logical unitization (e.g. a FBI 302 report, followed by its attachments and related photographs) or in a *reasonably usable or accessible form*. Fed. R. Civ. P. 34(a) & (b)(B)(I).

D.      If the government intends to provide discovery electronically, that currently exists in hard copy, before delivery, the hard copy should be scanned into a high-quality.pdf format (using Adobe .pdf software) with an optical character recognition (OCR) overlay (using the U.S. Attorney's Ipro software or other comparable software) with Bates Numbers.

E.      If the discovery is voluminous, please confer with counsel prior to providing ESI discovery regarding the format in which it may be provided.

I am confident that the most essential items will be provided as soon as possible, and that we can agree on when all of the others should be provided. I would, however, request that you produce "*Jencks* Motion" statements of any and all witnesses you intend to call at the motion hearing in this matter within a reasonable time before the motion hearing, in order to avoid any possible recesses and delays in that hearing, pursuant to Federal Rule of Criminal Procedure 26.2(d).

Thank you for your anticipated cooperation with these requests.

Sincerely,

THE BAUMSTARK FIRM, LLC

_/s/ Luke A. Baumstark_____

Luke A. Baumstark, MO Bar #56344

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney.

_/s/ Luke A. Baumstark_____